UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MICHEL KUMBAZ KILZI,

    Plaintiff,

vs.

ALL SMOOTH LAWN MAINTENANCE & LANDSCAPING, INC.,
a Florida Profit Corporation, d/b/a ALL SMOOTH LAWN MAINTENANCE &
LANDSCAPING, and ISMAEL GARCIA, SR., individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff MICHEL KUMBAZ KILZI, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants, ALL SMOOTH LAWN MAINTENANCE & LANDSCAPING, INC., a Florida Profit Corporation D/B/A ALL SMOOTH LAWN MAINTENANCE & LANDSCAPING (hereinafter, "ALL SMOOTH LAWN"), and ISMAEL GARCIA, SR., individually (hereinafter "GARCIA")( collectively, "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime wages against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants at all material times, conducted and continue to conduct business in the Southern District of Florida; because the

acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff at all times pertinent to this Complaint, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants as an operations manager. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. ALL SMOOTH LAWN is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. ALL SMOOTH LAWN has its principal place of business in Miami, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. ALL SMOOTH LAWN is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, ALL SMOOTH LAWN is a company that offers residential and commercial lawn and landscape services including LED landscape lighting product line using products that are shipped nationwide from different supplier.

10. At all times material to this Complaint, ALL SMOOTH LAWN, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage. Specifically, Plaintiff regularly utilized and handled equipment and materials manufactured and purchased outside of Florida.

12. ALL SMOOTH LAWN upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Defendant GARCIA is a corporate officer of and/or owner, and exercised operational control over the activities of, ALL SMOOTH LAWN.

14. Defendant GARCIA acted directly in the interest of his company, ALL SMOOTH LAWN. Upon all available information, GARCIA controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

15. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

**GENERAL ALLEGATIONS**

16. Plaintiff was a non-exempt employee of Defendants and was subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this Complaint.

17. Though Plaintiff was titled as a Manager, he did not do anything different than the individuals he was "managing." At least 80% of Plaintiff's Day to day work in a given week involved

manual labor rather than giving directives to employees. Further, Plaintiff did not have any hiring or firing authority, could not set other employee's pay or discipline employees.

18. Throughout his employment, Plaintiff was misclassified as an exempt employee of Defendants and was not paid for his overtime.

19. Plaintiff began working for Defendants in August 2017 through January 3, 2022.

20. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

21. Based on the information currently available to Plaintiff, towards the end of 2018, Plaintiff was paid at a rate of $170.00 per day and $200.00/day in 2021 through the end of his employment.

22. Plaintiff regularly worked between 60-70 hours per week. He was normally scheduled 6 days per week.

23. Despite the fact that Plaintiff worked over 40 hours in a workweek, he was not paid overtime by Defendants. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours.

24. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

26. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

27. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

28. Furthermore, on or about December 26, 2021 and December 27, 2021, Plaintiff complained to GARCIA regarding the Defendants' failure to pay him for (2) two days worked the week prior. Defendants failed to compensate Plaintiff the wages owed.

29. Shortly thereafter, On or about January 3, 2022, Plaintiff was terminated by GARCIA after requesting to be paid the wages owed.

30. The temporal proximity of Plaintiff's complaints regarding the improper pay and his termination creates the presumption that Defendants retaliated against Plaintiff for attempting to exercise his rights under the law.

31. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

## COUNT I
## VIOLATION OF FLSA/OVERTIME
## against ALL SMOOTH LAWN

32. Plaintiff, re-alleges and reaffirms paragraphs 1 through 31 as if fully set forth herein.

33. This action is brought by Plaintiff to recover from Defendant ALL SMOOTH LAWN unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq*. 29 U.S.C. § 207 (a)(1) states, " [n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

34. During the relevant time of Plaintiff's employment, ALL SMOOTH LAWN has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times their regular rate.

35. Specifically, Plaintiff regularly worked between 60-70 hours during each workweek in which he was employed by Defendants but was only compensated his daily rate regardless of how many hours Plaintiff worked.

36. 29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

37. ALL SMOOTH LAWN is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). ALL SMOOTH LAWN's business activities involve those to which the Fair Labor Standards Act applies.

38. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

39. ALL SMOOTH LAWN has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

40. By reason of the said intentional, willful and unlawful acts of ALL SMOOTH LAWN, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41. ALL SMOOTH LAWN never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

42. As a result of ALL SMOOTH LAWN's willful violations of the Act, Plaintiff is entitled to liquidated damages.

43. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ALL SMOOTH LAWN.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against ALL SMOOTH LAWN:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME
## against ISMAEL GARCIA, SR.

44. Plaintiff, re-alleges and reaffirms paragraphs 1 through 31 as if fully set forth herein.

45. At the times mentioned, Defendant GARCIA was, and is now, a corporate officer of corporate Defendant, ALL SMOOTH LAWN.

46. GARCIA was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that GARCIA acted directly in the interests of Defendant ALL SMOOTH LAWN in relation to its employees including Plaintiff.

47. Specifically, GARCIA supervised Plaintiff, determined his day-to-day schedule, and maintained the right to hire and fire Plaintiff during all pertinent times hereto, and the pay he was to receive.

48. GARCIA had operational control of the business and is thus jointly liable for Plaintiff's damages.

49. Defendant GARCIA willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against GARCIA:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## FLSA RETALIATION
## against ALL SMOOTH LAWN

50. Plaintiff, re-alleges and reaffirms paragraphs 1 through 31 as if fully set forth herein.

51. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

52. ALL SMOOTH LAWN's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

53. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints for payment of his earned wages.

54. ALL SMOOTH LAWN's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant ALL SMOOTH LAWN:

  A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

  B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

  C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## FLSA RETALIATION
## against ISMAEL GARCIA.

55. Plaintiff, re-alleges and reaffirms paragraphs 1 through 31 as if fully set forth herein.

56. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

57. GARCIA'S conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

58. The motivating factor that caused the adverse employment actions taken against Plaintiff including but not limited to GARCIA'S termination of Plaintiff as described above was Plaintiff's complaints for proper payment of his earned wages.

59. GARCIA's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant GARCIA:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MICHEL KUMBAZ KILZI demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 28, 2022

**PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/ Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com