UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 22-20609-Civ-SCOLA

MICHEL KUMBAZ KILZI,

    Plaintiff,

v.

ALL SMOOTH LAWN MAINTENANCE &
LANDSCAPING, INC., a Florida profit
corporation D/B/A ALL SMOOTH
LAWN MAINTENANCE & LANDSCAPING,
and ISMAEL GARCIA, individually,

    Defendants.
_____/

## STATEMENT OF CLAIM

Plaintiff, MICHEL KUMBAZ KILZI ("Plaintiff"), by and through the undersigned counsel hereby files his Statement of Claim pursuant to this Court's Order (ECF No. 4). In support of this statement Plaintiff states as follows[1]:

A. <u>An Initial Estimate of the Total Amount of Alleged Unpaid Wages</u>

Plaintiff estimates that his total amount of unpaid overtime wages is, at minimum, $26,720.00 exclusive of liquidated damages, attorney's fees and costs. If liquidated damages are awarded, Plaintiff's minimum claim for unpaid overtime wages will be $53,440.00 plus fees and costs.

---

[1] The calculations contained herein pertain only to Counts I-II of Plaintiff's Complaint. Plaintiff seeks additional damages for his claims of retaliation.

B.  A preliminary Calculation of Such Wages

1) **Unpaid overtime calculation from 2019-January 3, 2021**

| Time Frame | Approx. Unpaid Overtime Hours Worked per Week | Rate of Pay | Overtime Wage Half Rate | Total Overtime Wages Owed (unliquidated) |
|---|---|---|---|---|
| Feb. 28, 2019 – Jan. 3, 2021 (96 weeks) | 20 -30 hrs/week | $170.00/day $17.00/hour-$14.57/hour | $8.50 -$7.28 Per hour | $16,320.00-$20,966.40 |

Plaintiff worked for Defendants as a non-exempt employee from August 2017 through on or about January 3, 2022. Plaintiff estimates that towards the end of 2018 through the end of his employment, he regularly worked six days a week, between sixty to seventy hours per week. Defendants did not compensate Plaintiff at the time and half rate for each hour of overtime. Rather, Plaintiff was being compensated at a daily rate regardless of the hours worked each day. The Defendants' decision to not pay overtime was intentional, and therefore, the Plaintiff is eligible to recover unpaid wages for three years prior to the filing of the complaint. Based upon the documents available to him, Plaintiff contends that from February 28, 2019, through at least January 1, 2021, Plaintiff was paid $170.00 per day. Discovery is needed to ascertain the total amount of hours worked each week by Plaintiff during the relevant timeframe. However, based on a 60-hour work week, Plaintiff's hourly rate would be approximately $17.00 per hour ($170.00 x 6 days / 60 hours). Therefore, Plaintiff would be owed at least $16,320.00 (0.5 x $17.00/hr x 20 hrs x 96 weeks) for that period of time. Based on a 70-hour work week, Plaintiff's hourly rate would be $14.57/hour ($170.00 x 6 days / 70 hours). Accordingly, Plaintiff would be owed at least $20,980.80 (0.5 x $14.57/hr x 30 hrs x 96 weeks) for that period of time.

2) **Unpaid overtime calculation from January 4, 2021-January 3, 2022**

| Time Frame | Approx. Unpaid Overtime Hours Worked per Week | Rate of Pay | Overtime Wage Half Rate | Total Overtime Wages Owed (unliquidated) |
|---|---|---|---|---|
| Jan. 2, 2021 – Jan. 3, 2022 (52 weeks) | 20 -30 hrs/week | $200.00/day $20.00/hour-$17.14/hour | $10.00-$8.57 Per hour | $10,400.00-$13,369.20 |

Plaintiff further contends that from January 2, 2021, through the end of his employment, Plaintiff's rate was raised to $200.00 per day. Discovery is needed to ascertain the total amount of hours worked each week by Plaintiff during the relevant timeframe. However, based on a 60-hour work week, Plaintiff's hourly rate would be approximately $20.00 per hour ($200.00 x 6 days / 60 hours). Accordingly, Plaintiff would be owed an additional of at least $10,400.00 (0.5 x $10.00/hr x 20 hrs x 52 weeks) for that period of time. Based on a 70-hour work week, Plaintiff's hourly rate would be $17.14/hour ($200.00 x 6 days / 70 hours). Accordingly, Plaintiff would be owed at least $13,369.20 (0.5 x $17.14/hr x 30 hrs x 52 weeks) for that period of time. It is anticipated Plaintiff's estimated damages will likely increase.

C.   Nature of the Wages: This amount represents half time for unpaid overtime wages.

**[SPACE INTENTIONALLY LEFT BLANK]**

Plaintiff reserves the right, to adjust and amend this initial calculation as discovery proceeds as it may be discovered that Plaintiff is owed more or less than those amounts calculated.

Dated: March 21, 2022

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Nathaly Saavedra
Nathaly Saavedra, Esq.

## SERVICE LIST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 22-20609-Civ-SCOLA

Nathaly Saavedra, Esq.
Fla. Bar No. 118315
nathaly@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Avenue, Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

Attorney for Plaintiff